UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KIRSHA BROWN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE ACADEMY FOR HEALING ARTS,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:10-cv-00936-RLH-PAL<br><br>**REPORT OF FINDINGS AND<br>RECOMMENDATION** |

　　　　This matter is before the court on Plaintiff Kirsha Brown's failure to comply with the court's Order (Dkt. #9) and failure to keep the court apprised of her current address. Plaintiff is proceeding in this action *pro se*. On July 23, 2010, the court entered an Order (Dkt. #5) granting Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) and screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. The court found that Plaintiff's Complaint failed to state a claim upon which relief could be granted and allowed Plaintiff until August 23, 2010, in which to file an Amended Complaint. Plaintiff requested an extension of time in which to file an Amended Complaint because she was incarcerated from July 15, 2010, until August 14, 2010. In an Order (Dkt. #9) entered September 14, 2010, the court granted Plaintiff's request, allowing her until October 7, 2010, in which to file an Amended Complaint. Plaintiff has not filed an Amended Complaint or requested additional time in which to do so. Plaintiff was warned that failure to comply with the court's order would result in a recommendation to the district judge that her Complaint be dismissed.

　　　　A review of the docket reflects that Plaintiff did not receive the Order (Dkt. #9), and it was returned to the court as undeliverable. LSR 2-2 provides, "The plaintiff shall immediately file with the court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this rule may result in dismissal of

the action with prejudice." *Id.* Plaintiff has failed to comply with the Local Rules by not updating her address with the court.

Plaintiff's failure to comply with a court Order and the Local Rules of Practice has interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with a court Order and the Local Rules of Practice.

Having reviewed and considered the matter,

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED unless Plaintiff files an Amended Complaint and updates her address pursuant to LSR 2-2 on or before **November 19, 2010.**

Dated this 25th day of October, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.